**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware

(State)

Case number (*If known*): ______________ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

**1. Debtor's name**

Lumio HX, Inc.

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

Set, Inc.; Lumio, Inc.

**3. Debtor's federal Employer Identification Number** (EIN)

87-3547401

**4. Debtor's address**

**Principal place of business**

1550 W Digital Drive
Number Street

Suite 200

Lehi UT 84043
City State ZIP Code

Utah
County

**Mailing address, if different from principal place of business**

Number Street

P.O. Box

City State ZIP Code

**Location of principal assets, if different from principal place of business**

Number Street

City State ZIP Code

**5. Debtor's website** (URL)

www.lumio.com

Debtor Lumio HX, Inc. Case number (if known)__________
Name

**6. Type of debtor**

- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: __________

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

2 2 1 1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☑ No
- ☐ Yes. District __________ When __________ (MM / DD / YYYY) Case number __________

  District __________ When __________ (MM / DD / YYYY) Case number __________

Debtor Lumio HX, Inc. Case number (*if known*) ____________
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

- ☐ No
- ☑ Yes. Debtor Lumio Holdings, Inc. Relationship Affiliate
  District Delaware When ____ MM / DD / YYYY
  Case number, if known ____________

**11. Why is the case filed in *this district*?**

*Check all that apply:*

- ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ☑ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? ____________
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other ____________

**Where is the property?** ____________
Number Street

____________
City State ZIP Code

**Is the property insured?**

- ☐ No
- ☐ Yes. Insurance agency ____________
  Contact name ____________
  Phone ____________

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

- ☑ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☑ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor Lumio HX, Inc. Case number (if known)______

**15. Estimated assets**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☑ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☑ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 09/03/2024
MM / DD / YYYY

✘ /s/ Jeffrey T. Varsalone
Signature of authorized representative of debtor

Jeffrey T. Varsalone
Printed name

Title Chief Restructuring Officer

**18. Signature of attorney**

✘ /s/ Robert J. Dehney, Sr.
Signature of attorney for debtor

Date 09/03/2024
MM / DD / YYYY

Robert J. Dehney, Sr.
Printed name

Morris, Nichols, Arsht & Tunnell LLP
Firm name

1201 N. Market Street,16th Floor, P.O. Box 1347
Number Street

Wilmington
City

DE
State

19801
ZIP Code

(302) 658-9200
Contact phone

rdehney@morrisnichols.com
Email address

3578
Bar number

DE
State

**UNANIMOUS WRITTEN CONSENT
OF THE BOARDS OF DIRECTORS
OF LUMIO HOLDINGS, INC. AND
LUMIO HX, INC.**

**September 2, 2024**

The undersigned, being all members of the boards of directors (each, a "Board") of Lumio Holdings, Inc. ("Holdings") and Lumio HX, Inc. ("HX", together with Holdings, each a "Company") and together, the "Companies"), consent to and adopt the following resolutions:

**WHEREAS,** the Boards have reviewed and considered, among other things, the financial condition of each Company;

**WHEREAS**, the Boards have consulted with the management and the legal and financial advisors of each Company to fully consider and evaluate, and have considered and evaluated, each Company's financial and operational condition, including the historical performance of each Company, the assets of each Company, the current and long-term liabilities of each Company, the strategic opportunities available to each Company and the effect of the foregoing on each Company;

**WHEREAS**, the Boards, in consultation with the management and the legal and financial advisors of each Company, have determined that it is in the best interests of each Company to explore a potential sale of its assets to one or more potential bidders; and

**WHEREAS**, the Boards have received, reviewed, and considered the recommendations of the management of each Company and the legal, financial, and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding, and has determined that, in the Boards' judgment, it is advisable and in the best interests of each Company, its creditors, equity holders, employees and other interested parties that each Company voluntarily files a petition (collectively, the "Petitions" and, such cases, the "Bankruptcy Cases") under chapter 11 of title 11 of the United States code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

**WHEREAS**, the Boards, in consultation with the management and the legal and financial advisors of each Company, intend for each Company to enter into (i) that certain Asset Purchase Agreement (the "Stalking Horse Agreement") with LHX Home Services, LLC to purchase substantially all of each Company's assets, subject to higher and better bids, and (ii) that certain Superpriority Senior Secured Debtor-in-Possession Loan Agreement (the "DIP Credit Agreement" and together with other documents related to debtor-in-possession financing, the "DIP Documents") with White Oak Global Advisors, LLC to provide the Companies with debtor-in-possession financing (the "DIP Credit Facility").

**NOW, THEREFORE, IT IS RESOLVED**, that the filing by the Companies of the Petitions in the Bankruptcy Court be, and hereby is, authorized, approved, confirmed, and adopted in all respects; and it is further

**RESOLVED**, that any officer of each Company (each, an "Authorized Person"), in each case, acting individually or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, verify, deliver, and file with the Bankruptcy Court, in the name and on behalf of the applicable Company, and under its corporate seal or otherwise, all petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, plans, and other documents (collectively, the "Chapter 11 Filings") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and it is further

**RESOLVED**, that any Authorized Person, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with such Company's Chapter 11 Case or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, such Company's Chapter 11 Case with a view to the successful prosecution of such Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and it is further

**RESOLVED**, that any Authorized Person, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to retain (i) Morris, Nichols, Arsht & Tunnell LLP, as general bankruptcy counsel, (ii) Stretto, Inc., as claims and noticing agent and administrative agent, and (iii) Houlihan Lokey Capital, Inc., as investment banker, in each case on such terms as any Authorized Person shall deem necessary, appropriate or desirable and subject to any required approvals of the Bankruptcy Court; and it is further

**RESOLVED**, that, with respect to each Company, any Authorized Person, any one of whom may act without the joinder of any of the others, hereby is authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to take and perform any and all further acts or deeds, including, but not limited to (i) the engagement or retention of such further accountants, counsel, consultants or advisors; (ii) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required; (iii) the execution, delivery and filing (if applicable) of any of the foregoing; and (iv) the payment of all

fees, consent payments, taxes and other expenses; all of the foregoing, as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, with all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and it is further

**RESOLVED**, that, each Company is authorized but not directed, and any Authorized Person, in each case, acting individually or jointly, be, and hereby is, authorized, empowered, but not directed, with full power of delegation, in the name and on behalf of each Company, as a debtor and debtor in possession, to enter into the DIP Documents; and it is further

**RESOLVED** that the Authorized Persons be, and each of them hereby is, acting alone or in any combination, authorized, empowered, and directed, in the name and on behalf of each Company, to, if the Authorized Persons determine it to be necessary or appropriate, cause to be prepared, to negotiate, execute, and deliver, and each Company is hereby authorized to perform its obligations and take the actions contemplated under, the DIP Documents and such other documents, agreements, guaranties, instruments, financing statements, notices, undertakings, other loan documents promissory notes, term sheets, fee letters, control agreements, landlord agreements, pledge agreements, assignments, stock powers, intellectual property filings and recordations, letters of credit, certificates, powers of attorney, consents, waivers, other security documents and any other necessary or appropriate agreement, instrument, document, or certificates related to the DIP Documents, each containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by the Authorized Persons, and any amendments, restatements, amendments and restatements, supplements, or other modifications thereto, in each case with such changes therein and additions thereto as shall be deemed necessary, appropriate, or advisable by any Authorized Person executing the same in the name and on behalf of the Company, such approval to be evidenced conclusively by such execution; and it is further

**RESOLVED**, that each Authorized Person be, and hereby is, authorized, directed and empowered, either jointly or severally, for and on behalf of and in the name of each Company to cause each Company and its subsidiaries to pledge, mortgage, or otherwise grant security interests in, and liens upon, any or all of the assets and properties, real and personal, now owned or hereafter acquired by each Company and its subsidiaries, including, without limitation, any capital stock, membership interests, or other ownership interests owned by each Company or any subsidiary in any corporations, limited liability companies, or other entities, now existing or hereafter arising or acquired (collectively, the "Collateral"), as applicable, and all proceeds of the Collateral as may now or from time to time be required in connection with the DIP Documents and the DIP Credit Facility, to secure payment and performance by each Company of its obligations under the DIP Documents and such other obligations that are required to be secured under the DIP Documents and take such further action to maintain and perfect such liens and otherwise necessary to effect the purposes of the DIP Documents; and it is further

**RESOLVED**, that, each Company is authorized but not directed, and any Authorized Person, in each case, acting individually or jointly, be, and hereby is, authorized, empowered, but not directed, with full power of delegation, in the name and on behalf of each Company, to enter into the Stalking Horse Agreement; and it is further

**RESOLVED,** that each Authorized Person be, and hereby is, authorized, empowered, and directed, either jointly or severally, for and on behalf of and in the name of each Company, to negotiate, execute and deliver on behalf of each Company any agreements, documents and instruments in connection with the Stalking Horse Agreement or as such Authorized Persons may deem necessary, advisable or appropriate, such approval to be evidenced conclusively by such execution; and it is further

**RESOLVED**, that, each Company is authorized and directed, and any Authorized Person, in each case, acting individually or jointly, be, and hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each Companies, as a debtor and debtor in possession, to negotiate a sale or sales of some or all of the assets of each Companies, to take such actions and execute, acknowledge, deliver, and verify such agreements, certificates, instruments, and any and all other documents, including any amendments or other modifications, as any of the Authorized Persons may deem necessary or appropriate to facilitate such sale or sales, and to authorize counsel to: (a) draft, file and seek approval of bidding procedures pursuant to which the Companies shall seek higher or otherwise better offers for the sale or sales of some or all of the assets of the Companies; (b) draft, file and seek approval of any such sale and corresponding sale agreement; (c) execute, deliver and file on behalf of the Companies such affidavits of declarations as such Authorized Person, in his or her opinion, deems necessary or desirable in connection with obtaining approval of such bidding procedures and any subsequent sale or sales; and (d) take any and all such other actions as such Authorized Person, in his or her opinion, deems necessary or desirable in connection with obtaining the highest or otherwise best offer for the Companies' assets; and it is further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Person or any director of the Companies in the name and on behalf of the Companies related to the matters described in or contemplated by the foregoing resolutions, be, and the same hereby are, ratified, confirmed, and approved in all respects.

**IN WITNESS WHEREOF**, these the undersigned directors have executed this consent on the dates set forth below.

DocuSigned by:
Travis Wilson
DB6B08D359F94D0...
Travis M. Wilson

DocuSigned by:
Mike Giles
BBC3598A47B54F1...
Mike Giles

DocuSigned by:
0E99067993914B5...
Sam Humphries

Signed by:
Jeffrey Varsalone
30B9FD11DBB04E7...
Jeffrey T. Varsalone

| Fill in this information to identify the case: |
|---|
| Debtor name Lumio Holdings, et al., |
| United States Bankruptcy Court for the: ______ District of Delaware (State) |
| Case number (If known): ______ |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Slim Ventures LLC**<br>1905 W 4700 S<br>Salt Lake City, UT 84129 | P:801-831-5201<br>dmikebishop@gmail.com | Note | | | | **$5,465,719.18** |
| 2 | **Palmetto Solar, LLC**<br>1616 Camden Rd #300<br>Charlotte, NC 28203 | Derek Heckendorn<br>Ph:856-816-5521<br>derek.heckendorn@palmetto.com | Prebate | | | | **$4,800,000.00** |
| 3 | **Solar Mosaic LLC**<br>601 12th Street, Suite 325<br>Oakland, CA 94607 | John Bumgarner<br>P: 619-209-1964<br>john.bumgarner@joinmosaic.com | Prebate | | | | **$2,465,814.24** |
| 4 | **Sales Rabbit, Inc.**<br>2000 Ashton Blvd<br>Lehi, UT 84043 | Brady Anderson<br>P. 801-418-9009<br>Brady@salesrabbit.com | Trade Debt | | | | **$2,004,122.94** |
| 5 | **Sunnova Energy Corporation**<br>20 Greenway Plaza Suite 540<br>Houston, TX 77046 | Mark Delaney<br>P. 832-683-2766<br>mark.delaney@sunnova.com | Prebate | | | | **$1,700,000.00** |
| 6 | **Consolidated Electrical Distributors, Inc.**<br>603 CR 7150 Suite 2<br>Lubbock, TX 79404 | Dan Fadden<br>P: 614-856-0685<br>daniel.fadden@greentechrenewables.com | Trade Debt | | | | **$1,460,514.98** |
| 7 | **Dentons Durham Jones Pinegar PC**<br>111 S Main St Suite 2400<br>Salt Lake City, UT 84111 | David Tufts<br>P: 801-415-3000<br>david.tufts@dentons.com | Professional Fees | | | | **$1,194,538.40** |
| 8 | **Soligent Distribution, LLC**<br>1400 N McDowell Blvd Suite 201<br>Petaluma, CA 94954 | Jessica Holt<br>P: 469-699-8870<br>Jessica.Holt@soligent.net | Trade Debt | | | | **$1,156,380.30** |

Debtor Name **Lumio Holdings, et al.,** Case Number ___________________

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **Workday, Inc**<br>6110 Stoneridge Mall Road<br>Pleasanton, CA 94588 | Andrew Athens<br>P: 801-834-3458<br>andrew.athens@workday.com | Trade Debt | | | | **$931,370.51** |
| 10 | **Salesforce.com**<br>415 Mission Street, 3rd Floor<br>San Francisco, CA 94105 | James Restelli<br>P: 224-676-8513<br>jrestelli@salesforce.com | Trade Debt | | | | **$770,904.37** |
| 11 | **Podium Corporation, Inc**<br>Podium Corporation, Inc 1650 W. Digital Drive<br>Lehi, UT 84043 | Sam Simmons<br>P: 801-438-4425<br>samuel.simmons@podium.com | Trade Debt | | | | **$738,382.52** |
| 12 | **Wilson Sonsini Goodrich & Rosati, Professional Corporation**<br>650 Page Mill Road<br>Palo Alto, CA 94304 | Deno Himonas<br>P: 801-401-8520<br>dhimonas@wsgr.com | Professional Fees | | | | **$724,326.59** |
| 13 | **TripActions, Inc**<br>1501 Page Mill Road Building 1 Upper<br>Palo Alto, CA 94304 | David Matty<br>P: 206-379-5540<br>dmatty@navan.com | Trade Debt | | | | **$655,614.93** |
| 14 | **Redwood Fire and Casualty Insurance Company**<br>1314 Douglas StreetOmahaNE 68102, CA 90074 | c/o Berkshire Hathaway Homestate Companies<br>Jodi Van Winkle<br>Jvanwinkle@BHHC.com | InsuranceTrade Debt | | | | **$635,690.07** |
| 15 | **Ballard Spahr LLP**<br>PO Box 825470<br>Philadelphia, PA 19182-5470 | Attn: Thomas F. Burke<br>P: 215-864-8463<br>BurkeT@ballardspahr.com | Professional Fees | | | | **$610,857.54** |
| 16 | **Stanley Desir**<br>Address on File | sunstreamsolarllc@gmail.com | Trade Debt | | | | **$560,943.00** |
| 17 | **Holland & Knight LLP**<br>PO Box 936937<br>Atlanta, GA 31193-6937 | John Grugan<br>P: 215-252-9610<br>John.Grugan@hklaw.com | Professional Fees | | | | **$493,126.71** |
| 18 | **Sahalee Partners LLC**<br>357 Roberts Circle<br>Alpine, UT 84004 | Travis Wilson<br>P: 801-897-5644<br>travis@sahaleepartners.com | Professional Fees | | | | **$480,000.00** |
| 19 | **Paul Hastings LLP**<br>515 S Flower St Suite 2500<br>Los Angeles, CA 90071 | Katherine E. Bell<br>P: 714-668-6238<br>katherinebell@paulhastings.com | Professional Fees | | | | **$450,000.00** |
| 20 | **inContact Inc**<br>75 W Towne Ridge Parkway Tower 1<br>Sandy, UT 84070-5522 | Jamie Boyack<br>NICE inContact<br>P: 801 -320-3200<br>Jamie.Boyack@niceincontact.com | Trade Debt | | | | **$329,648.94** |

Debtor Name **Lumio Holdings, et al.,** Case Number ____________

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | **Reyes Gonzales III**<br>**Elite Energy LLC**<br>Address on File | Reyes Gonzales III<br>P: 432-231-7208<br>reyes.gonzales@eliteenergyusa.com | Trade Debt | | | | **$309,802.68** |
| 22 | **Lehi Spectrum Office 2, L.C**<br>101 S 200 E<br>Salt Lake City, UT 84111 | Ryan Simmons<br>P: 801-592-2495<br>rsimmons@boyercompany.com | Lease | | | | **$298,712.22** |
| 23 | **Okta Inc**<br>100 First Street Suite 600<br>San Francisco, CA 94105 | Marla Espenschied<br>P: 415-534-6728<br>maria.espenschied@okta.com | Trade Debt | | | | **$282,589.19** |
| 24 | **Losey PLLC**<br>1420 Edgewater Dr<br>Orlando, FL 32804 | Adam Losey<br>P: 407-906-1605<br>alosey@losey.law | Professional Fees | | | | **$250,000.00** |
| 25 | **Albany Road- Challenger South LLC**<br>155 Federal Street Suite 1202<br>Boston, MA 2110 | Melissa Edgin<br>P: 812-830-2068<br>medgin@commonwealthcommercial.com | Lease | | | | **$212,295.93** |
| 26 | **Salesloft, Inc**<br>1180 W Peachtree St NW Suite 2400<br>Atlanta, GA 30309 | Rufus Thompson<br>P: 770-756-8022<br>Rufus.thompson@salesloft.com | Trade Debt | | | | **$201,177.41** |
| 27 | **Holland & Hart**<br>PO Box 8749<br>Denver, CO 80201 | Eric Maxfield<br>P: 801-799-5882<br>jjameson@bellwetherfoodgroup.com;<br>egmaxfield@hollandhart.com | Professional Fees | | | | **$200,002.34** |
| 28 | **BairesDev LLC**<br>1999 S Bascom Ave Suite 700<br>Campbell, CA 95008 | David Lara<br>P: 408-478-2739<br>David.lara@bairesdev.com | Trade Debt | | | | **$196,260.00** |
| 29 | **SADA Systems Inc**<br>5250 Lankershim Blvd Suite 620<br>North Hollywood, CA 91601 | Sam Wells<br>P: 561-212-4071<br>sam.wells@sada.com | Trade Debt | | | | **$191,147.19** |
| 30 | **AOB Lamar LLC**<br>450 SKOKIE BLVD STE 1000<br>Northbrook, IL 60062-7917<br>701 NW 5th Street | Cheryl Zellers<br>P: 817-226-0000<br>czellers@advisorstx.com | Lease | | | | **$175,679.62** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUMIO HOLDINGS, INC., *et al.*,[1] | Case No. 24-(_____) (___) |
| Debtors. | (Joint Administration Requested) |

**CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY SECURITY HOLDERS**

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession hereby state as follows:

1. A list of the equity interest holders of Debtor Lumio Holdings, Inc., along with the nature of their equity interests, is attached hereto as **Exhibit A**. Lumio Holdings, Inc. has no parent corporation that owns 10% or more of its shares.

2. Debtor Lumio HX, Inc. is 100% owned by Debtor Lumio Holdings, Inc. Both entities share the same address: 1550 W Digital Drive, Suite 200, Lehi, Utah 84043.

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, are Lumio Holdings, Inc. (7119) and Lumio HX, Inc. (7401). The Debtors' headquarters is located at 1550 W Digital Drive, Suite 200, Lehi, UT 84043.

**EXHIBIT A**

List of Lumio Holdings, Inc.'s Equity Interest Holders

| Equity Holder | Nature of Equity Interest | Approximate Equity Interest Held (%) |
|---|---|---|
| Asami Lovely | Common Stock | 0.08 |
| Austen Anderson | Common Stock | 0.02 |
| Ben Harper | Common Stock | 0.21 |
| Brian Palmer | Common Stock | 0.05 |
| Brian Schonbeck | Common Stock | 11.32 |
| Casey Lund | Common Stock | 0.04 |
| Catherine Schade | Common Stock | 0.02 |
| Chad Irish | Common Stock | <0.01 |
| Chad Meyer | Common Stock | 0.01 |
| Cody Cutrer | Common Stock | 0.08 |
| Craig Hobson | Common Stock | 0.15 |
| Daniel Magstadt | Common Stock | 0.02 |
| David Burggraaf | Common Stock | 0.80 |
| David Schonberg | Common Stock | 0.80 |
| Desiree Lee-Hjelm | Common Stock | 0.02 |
| Eli Hardin | Common Stock | 0.08 |
| Ethan Desmarais | Common Stock | 0.40 |
| Greg Butterfield | Common Stock | 23.26 |
| Hayden Young | Common Stock | 0.04 |
| Hector Fonseca | Common Stock | <0.01 |

| | | |
|---|---|---|
| Jacob Wanamaker | Common Stock | 0.01 |
| Jake Nelson | Common Stock | 0.01 |
| James Turschmann | Common Stock | 0.02 |
| Jared Fitch | Common Stock | 0.48 |
| Jeff Largent | Common Stock | 0.04 |
| Jerry Heemstra | Common Stock | <0.01 |
| John Bankhead | Common Stock | 8.55 |
| John Baxter | Common Stock | 0.05 |
| Jonathan Gibbs | Common Stock | 8.02 |
| Jordan Edwards | Common Stock | 0.03 |
| Jordan Mehlhoff | Common Stock | 5.29 |
| Jordan Newby | Common Stock | 0.02 |
| Jose Perez | Common Stock | <0.01 |
| Judd Stander | Common Stock | 11.32 |
| Julie Murray | Common Stock | 0.08 |
| Kaden Mason | Common Stock | 0.02 |
| Kevin Copeland | Common Stock | 4.12 |
| Lorenna Rojas | Common Stock | <0.01 |
| Matthew Morrill | Common Stock | 0.08 |
| Michael Ziwisky | Common Stock | 0.10 |
| Michaela Broeker | Common Stock | 0.02 |
| Mike Barker | Common Stock | 0.02 |
| Mitch Weight | Common Stock | 0.13 |

| Nick Morrison | Common Stock | 0.02 |
|---|---|---|
| Oscar Luna | Common Stock | 8.55 |
| Parry Jarman | Common Stock | 0.40 |
| Rachel Wells | Common Stock | 0.02 |
| Rex Schade | Common Stock | 4.52 |
| Rex Schade Sr. | Common Stock | 0.08 |
| Rey Alonzo | Common Stock | 0.01 |
| Richard Teesdale | Common Stock | 0.18 |
| Rob Orton | Common Stock | 0.03 |
| Robert Smith | Common Stock | 0.02 |
| Ryan Shaw | Common Stock | 0.16 |
| Sano Mageo | Common Stock | 0.02 |
| Scott Townsend | Common Stock | 0.01 |
| Shawn Brenchley | Common Stock | 1.50 |
| Shelly Sperling | Common Stock | 0.04 |
| Simon Williams | Common Stock | 0.16 |
| Spencer Divver | Common Stock | 0.32 |
| Steffany Thompson | Common Stock | <0.01 |
| Steve Matthews | Common Stock | 0.16 |
| Steve Szrimai | Common Stock | <0.01 |
| Steven King | Common Stock | 0.13 |
| Travis Wilson | Common Stock | 3.21 |
| Tyler Petersen | Common Stock | 0.01 |

| Victoria Blunt | Common Stock | <0.01 |
|---|---|---|
| Yumi Schade | Common Stock | 4.25 |
| Zackary Woodmansee | Common Stock | 0.16 |

**Fill in this information to identify the case and this filing:**

Debtor Name Lumio HX, Inc.

United States Bankruptcy Court for the: District of Delaware (State)

Case number (*If known*):

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 09/03/2024
MM / DD / YYYY

✘ /s/ Jeffrey T. Varsalone
Signature of individual signing on behalf of debtor

Jeffrey T. Varsalone
Printed name

Chief Restructuring Officer
Position or relationship to debtor